IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MR. TIMOTHY E. TRIMBLE ) | |
| ) | Civil Action No. 15-190 |
| Plaintiff, ) | |
| ) | District Judge Schwab |
| ) | |
| v. ) | Magistrate Judge Lenihan |
| ) | |
| BEAVER COUNTY DOMESTIC RELATIONS ) | |
| ) | |
| Defendant. ) | ECF No. 2 |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Complaint (ECF No. 2) be dismissed without prejudice, and that Plaintiff be granted leave to file an amended complaint. If the Plaintiff fails to file an amended complaint by the date ordered by the District Judge, this Court will recommend that Plaintiff's Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) (ii) & (iii) for failure to state a claim upon which relief may be granted, and because it seeks monetary relief against a defendant who is immune from such relief.

### II. REPORT

#### A. Facts

Plaintiff Timothy E. Trimble ("Plaintiff" or "Trimble"), proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Beaver County Domestic Relations ("Defendant"). Plaintiff avers that Defendant is a "subdivision of the unified court system as defined by Pennsylvania statute and rules," having its principal place of business at the Beaver County Courthouse. (ECF No. 2 at ¶ 4.)

Plaintiff commenced this action by filing a motion to proceed in forma pauperis on February 11, 2015, which was subsequently granted on February 17, 2015. Because of the early stage of this litigation, service on Defendant has not yet been effectuated.

Plaintiff's avers only that Defendant "misapplied the Pennsylvania Rules of Civil Procedure causing manifest injustice and/or manifest error." (ECF No. 2 at ¶ 7.) Plaintiff continues that because of this misapplication, he was "deprived of the right to petition a court of competent jurisdiction" which violated his First and Fourteenth Amendment rights to the United States and Pennsylvania Constitutions. (ECF No. 2 at p.3.)

Plaintiff requests the following relief:

1. Order the appropriate law enforcement file criminal charges against the defendant.
2. Order the defendants to pay a sum equal to the amount garnished illegally from plaintiff.
3. Order punitive damages equal to the sum of all illegally garnished income to the plaintiff that has been taken from all litigants in Beaver County.
4. Any other measure the court deems appropriate.

(ECF No. 2 at p.3)

Plaintiff provides no further detail as to what occurred, when it occurred, and who was involved in the facts giving rise to his claims. The only other detail averred by Plaintiff is that he "is an adult who is disabled under the Social Security Act." (ECF No. 2 at ¶ 3.)

B. Legal Standard

Plaintiff is proceeding pro se and as such, he is entitled to liberal construction of his submissions in federal court. This means that the Court must liberally construe the factual allegations of the complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In

2

addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins*, 293 F.3d at 688). Pro se litigants, however, are not free to ignore the Federal Rules of Civil Procedure. *Pruden v. Long,* Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D. Pa. Oct. 24, 2006).

Pursuant to 28 U.S.C. § 1915(a), Plaintiff requested and has been granted leave to proceed in forma pauperis. Thus, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. § 1915(e). Section 1915(e)(2), as amended, requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[A] complaint...is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall, C.C.F.*, No. 11-3467, 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact.") (citing *Neitzke,* 490 U.S. at 325). Thus, under § 1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D. Mich. Mar. 17,

2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D. Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).[1]

In determining whether a claim fails to state a claim upon which relief may be granted for purposes of § 1915(e)(2), courts apply the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The court of appeals has expounded on this standard in light of its decision in *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's decision in *Iqbal*:

> After *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly*, 505 U.S. at 555, & n.3.

---

[1] Dismissal under § 1915(e)(2) is "often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints[,]" *Neitzke*, 490 U.S. at 324, or complaints which fail to state a claim on which relief may be granted.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In making this determination, the court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed in forma pauperis which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915([e]) both counsel dismissal." *Neitzke,* 490 U.S. at 328 (footnote omitted).

C. Analysis

1. Eleventh Amendment Immunity

The Eleventh Amendment bars civil rights suits against a state in federal court by private parties where the state has not consented to such action. *Laskaris v. Thornburgh,* 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). This immunity applies even to claims seeking injunctive relief. *Id.*; *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984) (holding Eleventh Amendment immunity applies "regardless of the nature of the relief sought."). Eleventh Amendment immunity protects entities created by state governments that operate as alter egos or arms of the State. *See Lake Country Estates v. Tahoe Regional Planning Agency,* 440 U.S. 391, 402 (1979) (denying Eleventh Amendment Immunity to a bi-state agency that was more akin to a political subdivision than an arm of the State); *Ambus v. Granite Bd. Of Educ.*, 995 F.2d 992, 994 (10th Cir. 1993) (en banc) (Eleventh Amendment immunity "extends only to the states themselves and to those governmental entities that are 'arms of the state.'").

The Pennsylvania Constitution vests judicial power in a "unified judicial system" ("UJS") which includes all of Pennsylvania's courts. PA. CONST. art. V, § 1; The Pennsylvania courts, therefore, are part of the "Commonwealth government," and are state agencies. *See* PA.

5

CONST. art. V, § 6(c); 42 Pa. Cons. Stat. § 102; 42 Pa. Cons. Stat. § 301. In addition, the UJS is divided into sixty judicial districts. 42 Pa. Cons. Stat. § 901. Generally, each district comprises one county and has one court of common pleas. 42 Pa. Cons. Stat. § 911. Each court of common pleas must have a domestic relations section. 42 Pa. Cons. Stat. § 961. These judicial districts are ordinarily entitled to Eleventh Amendment immunity as arms of the State. *Haybarger v. Lawrence County Adult Probation and Parole*, 551 F.3d 193, 201 (3d Cir. 2008); *see also Bryant v. Cherna*, 520 F. App'x 55, 57 (3d Cir. 2013). Hence, the only named defendant in this action is immune from suit and should be dismissed. If Plaintiff chooses to file an amended complaint, he may not name the Beaver County Domestic Relations Court as a defendant. If Plaintiff chooses to file an amended complaint and names the Beaver County Domestic Relations Court as a defendant, the Court will recommend to the district judge that these claims be dismissed with prejudice.

2. *Twombly*

Finally, as discussed *supra* at 3-5, the Complaint does not meet the requirements of *Twombly*. That is, a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Here, Plaintiff has pled no factual content. Plaintiff must name as defendants only those persons who are responsible for the alleged constitutional violations. In order for Plaintiff's action to be heard in federal court under § 1983, he must be able to show that the defendant(s), at the time of the claims alleged in the amended complaint, were acting under the authority or color

of state law. Plaintiff should explain briefly how or in what capacity each defendant acted under authority given to them by state or local government.

Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated. It is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff must provide a description of how the defendant(s) violated his rights. That is, Plaintiff must provide specific details of precisely how his civil rights were allegedly violated. Plaintiff should note that in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. Plaintiff should clearly describe how each named defendant is involved in the alleged constitution violation(s). This description should include references to relevant dates, times, and locations. It should explain to the Court what happened by specifically describing each defendant's behavior or action and how that behavior or action – or lack of action – resulted in the alleged violations. Plaintiff should not include legal argument in his amended complaint. Citations to case law and other statutes are not appropriate in the complaint, but rather may be included in a response to a dispositive motion or at the time of trial. However, Plaintiff should be specific about the particulars of the event, each defendant's misconduct, and how such misconduct resulted in a violation or denial of the civil right at issue.[2]

Finally, the Court admonishes Plaintiff that he may not re-litigate his claims raised in *Trimble v. Shaw*, Civil Action No. 13-172, 2014 WL 345335 (W.D. Pa. Jan. 30, 2014), *aff'd*, 576

---

[2] Generally, when a complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), the plaintiff should be given leave to amend the complaint with directions as to how to cure the deficiencies, "unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment." *Warren v. Bush*, Civ. A. No. 2:08-cv-00376, 2008 WL 3876885, at * 1 (D. Nev. Aug. 18, 2008) (citing *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995)). *See also Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) (holding that in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile.)

7

F. App'x 88, 90-91 (3d Cir. 2014) (per curiam). Those claims are time barred. If Plaintiff attempts to resurrect these claims in an amended complaint, the Court will recommend to the district judge that these claims be dismissed with prejudice.

### III. CONCLUSION

For the reasons discussed above, it is respectfully recommended that Plaintiff's Complaint (ECF No. 2) be dismissed without prejudice, and that Plaintiff be granted leave to file an amended complaint. If the Plaintiff fails to file an amended complaint by the date ordered by the District Judge, this Court will recommend that Plaintiff's Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) (ii) & (iii) for failure to state a claim on which relief may be granted, and because it seeks monetary relief against a defendant who is immune from such relief.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: February 25, 2015                    BY THE COURT:

                                            /s/ Lisa Pupo Lenihan
                                            LISA PUPO LENIHAN
                                            United States Magistrate Judge

cc:
Timothy Trimble
119 SE 21st Lane
Cape Coral, FL 33990

8