IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY E. TRIMBLE,

    Plaintiff,                                  15cv0190
                                                      **ELECTRONICALLY FILED**

              v.

BEAVER COUNTY DOMESTIC
RELATIONS,

    Defendant.

### **Memorandum Order of Court**

Plaintiff, who is *not* incarcerated but is appearing *pro se*, and proceeding *In Forma Pauperis* (IFP), filed this current alleged civil rights lawsuit on February 11, 2015 which he entitled "Complaint 20150210 Amended." Plaintiff has unsuccessfully brought a prior civil rights claim in *Trimble v. Shaw*, Civil Action No. 13-172, 2011 WL 345335 (W.D. Pa. Jan. 30, 2014), aff'd, 576 F. App'x 90-91 (3d Cir. 2014)(per curiam). The basis for the prior claim appears to be very similar to the current claims - - that his divorce proceedings and domestic hearings relations officers mishandled his case which commenced in 1993 and improperly garnished his wages. That case was dismissed as frivolous and on the basis that it is time barred, and was affirmed per curiam by the United States Court of Appeals for the Third Circuit on November 12, 2014 (see doc. no. 72 of 13-cv-172).

As set forth in the Report and Recommendation by the United States Magistrate Judge Lenihan currently pending in the present case (doc. no. 10), the claims of Plaintiff are not viable on the basis of Eleventh Amendment Immunity, and for lack of factual content, therefore rendering the claims frivolous under 28 U.S.C. § 1915(e)(2). Plaintiff was allotted until March

16, 2015 to file objections to the Report and Recommendation recommending dismissal of Plaintiff's Complaint. Now pending before this Court is Plaintiff's Motion to Appoint Counsel (doc. no. 11), and Plaintiff's Motion to Extend Time to Respond to the Report and Recommendation until April 16, 2015 (doc. no. 12). However, importantly, in Plaintiff's Motion to Extend his response time, he actually responds in opposition to the pending Report and Recommendation and attaches case law in support of his position. For the reasons that follow, the Court will DENY both motions, will AFFIRM the Report and Recommendation and ADOPT it as the Opinion of the Court and will DISMISS this case.

The United States Court of Appeals for the Third Circuit in *Tabron v. Grace*, identified standards to be considered by the district courts in exercising their discretion of whether to "appoint" counsel pursuant to 28 U.S.C. § 1915(d) [now subsection (e)]. *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993). After applying the *Tabron v. Grace* factors in determining of whether to appoint counsel, the Court finds that counsel is not required in this case. First, the Court must consider the merits of Plaintiff's claim. It should not appoint counsel unless it appears that the claim has some merit in fact and law. *Tabron*, 6 F.3d at 155. Plaintiff's claim has no merit (based upon the current scant facts) or under the law. Rather, Plaintiff appears to be attacking the rulings of the Beaver County Domestic Relations, and asking this Court to act as an appeals court of Beaver County, which of course, is not an appropriate matter before this Court. Additionally, and importantly, Plaintiff in his prior civil rights case raised the same or substantially similar factual allegations as in the present case and appears to be an appeal of the prior judgment of the Court of Appeals or, at a minimum, a spin-off of the state court decision.

With regard to the *Tabron v. Grace* factors, other considerations of this Court should include Plaintiff's ability to present his or her case; Plaintiff's education, literacy, prior work

experience, prior litigation experience, ability to understand English; *restraints placed upon him or her by confinement*; whether the claim is truly substantial; the difficulty or complexity of the legal issues; the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation; the extent to which prisoners and others suffering confinement may face problems in pursuing their claims; whether the claims are likely to require extensive discovery. All of the *Tabron v. Grace* factors counsel against appointing an attorney to represent Plaintiff. Additionally, and critically, Plaintiff is not a prisoner, and therefore Plaintiff could have retained private counsel in this matter either prior to filing, or over the last month, or over the last several years since he commenced the prior action in 2013, and the Court will not delay these proceedings while Plaintiff seeks to find an attorney to represent him on a contingent basis.

The Court has reviewed Plaintiff's response to the Report and Recommendations (as contained in his Motion to Extend Time at doc. no. 12), and will affirm the Report and Recommendations and adopt it as the Opinion of this Court. However, as set forth in the Report and Recommendations, the Court will dismiss this Complaint without prejudice and will give Plaintiff until March 20, 2015 to file an Amended Complaint that is compliant with the Federal Rules of Civil Procedure and case law (either counseled or uncounseled). If Plaintiff fails to set forth an appropriate Amended Complaint by March 20, 2015, the dismissal will become a dismissal with prejudice.

For all of these reasons, the Court hereby DENIES Plaintiff's Motion to Appoint Counsel (doc. no. 11), DENIES AS MOOT Plaintiff's Motion to Extend Time to 4/16/2015, and AFFIRMS and ADOPTS as the Opinion of the Court the Report and Recommendation (doc. no. 10). Plaintiff shall file an Amended Complaint by March 20, 2015, or this dismissal will be with prejudice.

**SO ORDERED** this 9th day of March, 2015.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

Timothy Trimble
119 SE 21 Lane
Cape Coral FL  33990